**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 739 CAP |
| | : | |
| Appellee | : | Appeal from the Judgment of |
| | : | Sentence entered April 23, 1990 in |
| | : | the Court of Common Pleas, |
| v. | : | Philadelphia County, Criminal |
| | : | Division at No. CP-51-CR-1031751- |
| | : | 1988. (Nunc Pro Tunc appeal rights |
| HENRY DANIELS, | : | reinstated on April 28, 2017) |
| | : | |
| Appellant | : | |

**CONCURRING STATEMENT**

**JUSTICE DONOHUE**                                    **DECIDED:  October 15, 2020**

I join the order as I am constrained to do as a result of this Court's precedential opinion in *Commonwealth v. Reid*, 235 A.3d 1124 (Pa. 2020).  For the reasons stated in my dissenting opinion in *Reid*, I continue to hold the view that *Williams v. Pennsylvania*, ___ U.S. ___, 136 S.Ct. 1899 (2016), mandates that this defendant receive a de novo appeal to this Court because former Justice Castille, while the District Attorney of Philadelphia, authorized the pursuit of the death penalty in his case and later participated in the appeal of the imposition of that sentence.  *Williams* should have been retroactively applied to this defendant and the two other defendants similarly situated.  I continue to believe that the preservation of the integrity of this Court demanded no less.